NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LOGAN M., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, J.M., *Appellees.*

No. 1 CA-JV 20-0089
FILED 7-16-2020

Appeal from the Superior Court in Maricopa County
No. JD529788
The Honorable Jeffrey A. Rueter, Judge

**AFFIRMED**

COUNSEL

Law Office of Ed Johnson PLLC, Peoria
By Edward D. Johnson
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Cathleen E. Fuller
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kent E. Cattani joined.

---

**B A I L E Y**, Judge:

¶1         Logan M. ("Father") appeals the termination of his parental rights to his child, J.M., born in 2015 ("Son"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2         Issues between Father and Kayleigh R. ("Mother") began soon after the birth of Son. In December of 2015, when Son was about three months old, both Mother and Father were cited for a domestic violence dispute that occurred in Son's presence. One month later, Father shot Mother in the leg while Son was present. The Department of Child Safety ("DCS") then filed a dependency petition alleging Mother and Father were unable to safely parent Son. DCS eventually dismissed the petition on the condition Mother seek sole custody of Son in family court.

¶3         Father was on release from charges arising from the shooting, with the condition that he was prohibited from contacting Son. Despite this, DCS received a report that Mother and Father, while each under the influence of alcohol, assaulted paternal grandmother while Son was present. In April 2018, Father was convicted of a felony offense and sentenced to four years in prison for the shooting.

¶4         DCS took temporary custody of Son and, in August of 2018, filed a second dependency petition alleging Mother and Father were unable to provide for Son's basic needs. Eventually both parents made some effort to comply with the case plan. While Father was incarcerated, DCS facilitated monthly two-hour visits between Father and Son, and provided Son with a recording of Father reading a children's book. Mother participated in parent aid services. DCS returned Son to Mother in April 2019 but removed him again in July 2019 after Mother was arrested for assault.

¶5         DCS then moved to amend the case plan from reunification to severance and adoption for both Mother and Father. When Mother moved

to appoint her sister as Son's guardian, DCS amended its motion and sought termination only of Father's parental rights. After a combined guardianship and severance hearing in February 2020, the court severed Father's parental rights on the ground of length-of-felony sentence. Father timely appealed. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, Arizona Revised Statutes (A.R.S.) §§ 8-235(A), 12-120.21(A)(1) and -2101(A)(1) (2020) and Arizona Rules of Procedure for the Juvenile Court 103 and 104.

## DISCUSSION

**¶6**        To support the termination of parental rights, DCS must prove at least one statutory ground for termination by clear and convincing evidence. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005); A.R.S. § 8-533(B). The juvenile court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts." *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004). We review the court's termination decision for an abuse of discretion and will affirm unless no reasonable evidence supports the court's findings. *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004).

I.        Terminating Father's Parental Rights Under the Length-of-Felony Sentence Ground

**¶7**        To terminate Father's rights on the length-of-felony sentence ground, DCS must show by clear and convincing evidence that Father "is deprived of civil liberties due to the conviction of a felony" and that Father's sentence "is of such length that the child will be deprived of a normal home for a period of years." A.R.S. § 8-533(B)(4).

**¶8**        Because Father does not dispute that he is incarcerated due to a felony conviction, we only address whether reasonable evidence supports a finding that Father's sentence is of such a length that Son will be deprived of a normal home life for a period of years. This is a fact-specific inquiry based on consideration of all relevant evidence. *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 251–52, ¶ 29 (2000). Relevant factors to consider include but are not limited to:

> (1) the length and strength of any parent-child relationship existing when incarceration begins, (2) the degree to which the parent-child relationship can be continued and nurtured during incarceration, (3) the age of the child and the relationship between the child's age and the likelihood that incarceration will deprive the child

3

of a normal home, (4) the length of the sentence, (5) the availability of another parent to provide a normal home life, and (6) the effect of the deprivation of a parental presence on the child at issue.

*Id.* at 252, ¶ 29.

**¶9**         Here, the superior court made specific findings regarding each of the *Michael J.* factors including that Father has been in custody for most of Son's life and will not be released until at least 2021. The superior court noted that Father had been imprisoned for his current sentence when Son was two years old, and that Father had been in custody twice previously for similar offenses. The court also noted that prior to his current incarceration, Father had been prohibited from having contact with Mother and Son (because they were victims in his criminal case). The court concluded that Father had little regard for the lives of Mother and Son and posed a continuing threat to both of them, and that even upon release from custody, Father would be required to address substance abuse and domestic violence issues before reunification could be considered. Father recounts the favorable trial evidence on each of the *Michael J.* factors, seeking a different outcome, essentially asking this court to reweigh the evidence, something that this court will not do. *Mary Lou C.*, 207 Ariz. at 47, ¶ 8. We find reasonable evidence supports the court's findings on the length-of-felony sentence ground.

II.     The Child's Best Interest

**¶10**         Once the court finds at least one statutory ground for termination, "the interests of the parent and child diverge," and the court proceeds to balance the unfit parent's "interest in the care and custody of his or her child . . . against the independent and often adverse interests of the child in a safe and stable home life." *Kent K.*, 210 Ariz. at 286, ¶ 35. "[A] determination of the child's best interest must include a finding as to how the child would benefit from a severance or be harmed by the continuation of the relationship." *Matter of Appeal in Maricopa Cty. Juvenile Action No. JS-500274*, 167 Ariz. 1, 5 (1990).

**¶11**         Courts "must consider the totality of the circumstances existing at the time of the severance determination, including the child's adoptability and the parent's rehabilitation." *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 146, ¶ 1 (2018). "When a current placement meets the child's needs and the child's prospective adoption is otherwise legally possible and likely, a juvenile court may find that termination of parental rights, so as to

permit adoption, is in the child's best interests." *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 4, ¶ 12 (2016). "Whether severance is in the child's best interests is a question of fact for the juvenile court to determine. We view the evidence, and draw all reasonable inferences from it, 'in favor of supporting the findings of the trial court.'" *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 13 (App. 2002) (citations omitted).

**¶12**       Father again urges this court reweigh the evidence cited in the juvenile court's best interest finding. *See id.* at 282, ¶ 12. Father asserts the court erred in concluding the bond between Father and Son was weak and that Father made only minimal efforts towards reunification. But the record is clear that Father had very limited contact with Son between the shooting and the DCS supervised monthly visits. Son was only a few months old when Father was taken into custody for shooting Mother and has had only minimal contact with Father through monthly prison visits. Moreover, DCS presented evidence showing that while in prison, Father did not complete services to address his substance abuse and domestic violence issues. *See id.* We find that because reasonable evidence supports the trial court's conclusions, no abuse of discretion occurred.

## CONCLUSION

**¶13**       For the foregoing reasons, we affirm the juvenile court's order terminating Father's parental rights to Son.



AMY M. WOOD • Clerk of the Court
FILED:    AA